UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES F. RIGBY, Chapter 7 Trustee of Michael R. Mastro, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. CORLISS, et al., <br><br> Defendants. | Case No. C14-0340RSL <br><br> ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on the "Defendant's Motion to Compel Production of Documents for Which Plaintiff Has Waived Attorney-Client Privilege." Dkt. # 13. Plaintiff is the trustee in an involuntary bankruptcy proceeding involving Michael R. Mastro. The trustee accuses defendants of assisting Mastro in secreting assets and leaving the district, causing the trustee to incur additional expenses to locate both the debtor and the assets. One of the issues to be decided in this matter is whether and to

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 1

what extent the trustee incurred additional expenses in investigating Mastro's assets as a result of omissions in defendant Michael Corliss' August 20, 2012, declaration. In particular, the trustee argues that Corliss failed to disclose that he had wired money to Mastro in 2011, and that the trustee incurred unnecessary costs between the date of the declaration and September 21, 2012, trying to figure out where that money had come from.

In an effort to support his contention that he was unaware of the connection between Corliss and the wire transfer until September 21, 2012, the trustee submitted an email from counsel stating:

> Jim –
>
> Preliminary results from our more in-depth investigation at RBC is that the account was opened with funds on July 22, 2011 where the remitter was <u>Michael J. Corliss</u>. Funds in the account were withdrawn in September 2011 with a bank draft. We don't know the payee on the draft or where it was deposited yet. That information is forthcoming.
>
> Assuming this information is correct, this means that Corliss gave you a <u>false affidavit</u> and is assisting Mastro in post-bankruptcy with concealing himself and his assets. As we have always thought, Corliss is intertwined with the fraud on the bankruptcy estate and you may have an action against him and his assets. All the more reason that this Canadian discovery action is important to the estate. I suggest that this information be discussed with Gayle and the court so that our budget is not so limited.
>
> Rick

Wyrwich Decl., Ex. E. The email is dated September 21, 2012. The bankruptcy court considered this evidence when concluding that there were triable factual issues regarding whether the trustee knew, at the time Corliss provided his declaration, that Corliss had

made the wire transfer and/or whether the failure to disclose his connection to the transfer caused plaintiff injury.

The parties agree that the email was protected by the attorney-client privilege. The privilege was undoubtedly waived as to this email. In addition, such a disclosure waives the privilege as to undisclosed communications that concern the same subject matter and "ought in fairness to be considered together." Fed. R. Ev. 502(a). The parties disagree regarding the scope of the waiver in this case. Defendant seeks an order compelling the production of all privileged documents pertaining to the trustee's investigation of Corliss through October 30, 2013. The trustee, on the other hand, argues that if any further disclosures are required, the Court should perform an in camera review to identify communications from his attorneys that identify the date on which the trustee discovered Corliss' omission, including his connection to the bank account from which the transfer was sent.

Having reviewed the memoranda, exhibits, and declarations submitted by the parties, the Court finds that the trustee has used a privileged document to support his claim that he was unaware of Corliss' connection to the wire transfer until September 21, 2012, and that he should not be permitted to withhold other privileged communications on that issue which may or may not support an earlier discovery date. An in camera review of privileged documents is not necessary. The trustee shall produce all documents and information withheld as attorney-client communications or work product through September 21, 2012, that are relevant to the issue of when the trustee discovered the

connection.[1] The production shall include communications from attorneys and investigators: both may be relevant to when the material falsehood was discovered.

Dated this 6th day of December, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Defendant's request for documents regarding the entirety of the trustee's investigation of Corliss through October 30, 2013, is overbroad as to both subject matter and time. The limited production ordered will enable defendant to test the trustee's contention that he was unaware of Corliss' connection to the wire transfer until September 21, 2012. Fairness will be served without unnecessarily expanding the scope of the waiver.