UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES F. RIGBY, Chapter 7 Trustee of Michael R. Mastro,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. CORLISS, et al.,<br><br>Defendants. | Case No. C14-0340RSL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On June 27, 2018, the Court excluded from trial evidence of fees and costs charged by four law firms because the charges were not included in a computation of damages and supported by documentary evidence prior to the discovery deadline. Dkt. #34 at 7-8. Plaintiff filed a timely motion for reconsideration, arguing that he had, in fact, timely produced the invoices at issue. Motions for reconsideration are disfavored in this

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

district and will be granted only upon a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). The trustee has failed to meet his burden.

In response to defendant's motion in limine, the trustee offered no evidence of timely production, instead relying solely on the assertion of counsel and a citation to his Second Supplemental Answer to Defendants' First Set of Interrogatories. Dkt. #21 at 15. The Second Supplemental Answers are dated March 21, 2017, however, almost two months after the close of discovery. Dkt. #21-3. If evidence of timely production existed, it should have been presented in response to the motions in limine and cannot therefore, justify reconsideration because of "new facts."

Nor has plaintiff shown manifest error. Rule 26(a)(1)(A)(iii) required the trustee to provide "a computation of each category of damages claimed" and to make available "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . . ." The trustee's initial disclosure stated only that he had incurred "[i]nvestigative costs related to locating the Mastros and estate assets" in the amount of $2,877,607. Dkt. #18 at 183. Legal fees were not specifically identified, nor were any invoices or other supporting documents related to fees provided. When Corliss served discovery seeking information regarding "all damages you claim in this lawsuit," the trustee identified a number of investigative firms as having charged "[i]nvestigation costs and fees related to locating the Mastros and estate assets," but did

not list any law firms. Dkt. #21-2 at 9-10. The trustee expressly declined to provide responsive information regarding fees incurred by attorneys because the bankruptcy court had not yet decided whether those fees were recoverable. Dkt. #21-2 at 9. At no point did the trustee amend his initial disclosures to provide the calculations and supporting documents required by Rule 26(a) and (e), and it was not until March 21, 2017, that the trustee amended his discovery responses to identify three of the four law firms at issue as billing entities in this matter.

The trustee now asserts that the failure to disclose attorney's fees as part of his damage claim was harmless[1] because redacted versions of certain legal invoices, Bates numbers 001211-001656, were produced on March 11, 2015 in response to defendants' requests for production and unredacted versions of those invoices plus six additional invoices were produced on January 23, 2017, one week before the close of discovery. The trustee improperly seeks to place the burden on defendants to devine his damage calculations based on incomplete and ambiguous discovery responses. As discussed above, the trustee's Rule 26(a) calculations and disclosures were insufficient. When defendants served interrogatories to force the trustee to identify all damages sought in this litigation, he eschewed mention of the law firms at issue and promised to provide fee information if the bankruptcy court determined that attorney's fees were recoverable. The

---

[1] This argument could and should have been raised in response to the motion in limine. It is therefore not a proper ground for reconsideration under LCR 7(h)(1). It is considered under the manifest error prong only for purposes of completeness.

bankruptcy court ruled against the trustee on this issue, and the trustee made no further disclosures in response to the "all damages" interrogatory. Only after discovery closed did the trustee amend his discovery responses to claim attorney's fees as part of his damages, apparently with the intent of requesting that this Court re-examine the bankruptcy court's ruling. Based on his discovery disclosures, defendants had every reason to believe that the trustee was seeking attorney's fees only as authorized by the bankruptcy court. His March 2017 supplement did not make the previous failures to disclose harmless.

For all of the foregoing reasons, the trusee's motion for reconsideration (Dkt. #37) is DENIED.

Dated this 5th day of July, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge